UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ABIRA MEDICAL LABORATORIES LLC,**

    *Plaintiff*,

v.

    Case No. 5:24-CV-00777-JKP

**UMR INSURANCE COMPANY,**

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant UMR Insurance Company's ("UMR") Motion to Dismiss Plaintiff Abira Medical Laboratories LLC's ("Abira") Amended Complaint. *ECF No. 12*. Abira filed a Response to which UMR filed a Reply. *ECF Nos. 15, 23*. Upon consideration, the Court concludes UMR's Motion to Dismiss, (*ECF No. 12*), shall be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This case arises out of UMR's alleged refusal to pay Abira for laboratory testing services rendered to UMR's members or subscribers. *ECF No. 11 at 1*. Specifically, Abira alleges UMR "regularly refused to pay and/or underpaid claims correctly and accurately submitted by [Abira] or simply failed to respond in any way to numerous claims submitted by [Abira]." *Id. at 2*.

Seeking in excess of $4.2 million, Abira filed the instant suit asserting causes of action against UMR for: (1) violation of the Employment Retirement Income Security Act ("ERISA"); (2) breach of contract for non-ERISA claims; (3) breach of implied covenant of good faith and fair dealing; and (4) quantum meruit and unjust enrichment for non-ERISA claims. *Id. at 7–13*.

## LEGAL STANDARD

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8.

To warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996). When reviewing the complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones*, 188 F.3d at 324).

A Complaint should only be dismissed under Rule 12(b)(6) after affording ample opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena*, 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## ANALYSIS

### I. Statute of Limitations

In UMR's Motion to Dismiss, UMR argues "the statute of limitations has run on all of [Abira's causes of action]". *ECF No. 12 at 12*. In its Response, Abira counters it "has alleged [a] sufficient basis for the tolling and other equitable considerations to defeat [UMR's] statute of limitations arguments." *ECF No. 15 at 10*.

ERISA does not contain a statute of limitations for causes of action for benefits. *King v. Unum Life Ins. Co. of Am.*, 447 F. App'x 619, 624 (5th Cir. 2011). The Fifth Circuit directs, however, causes of action for benefits brought pursuant to 29 U.S.C. § 1132(a)(1)(B), seeking to enforce rights under an ERISA policy, are analogous to a state breach of contract cause of action. *Id*. In Texas, "[a] party asserting a breach of contract [cause of action] must sue no later than four years after the day the claim accrues." *Id.* The statute of limitations for a quantum meruit cause of action is also four years. *See Quigley v. Bennett*, 256 S.W.3d 356, 361 (Tex. App.—San Antonio 2008, no pet.). Unjust enrichment causes of action are subject to a two-

year statute of limitations, as are causes of action for breach of implied covenant of good faith and fair dealing. *See Wilson v. John Daugherty Realtors, Inc.*, 981 S.W.2d 723, 727 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (breach of implied covenant of good faith and fair dealing); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex.1998) (unjust enrichment).

Nevertheless, the Court finds this matter concerns a factual dispute regarding the accrual date of Abira's claims. This is because "(w)hen . . . there is no outright denial of a claim, the exact date of accrual of a cause of action becomes more difficult to ascertain and should be a question of fact determined on a case-by-case basis." *E.g, Abira Med. Lab'ys, LLC v. Boon Grp., Inc.*, No. 1:24-CV-00589-DAE, 2024 WL 5036666 at *3 (W.D. Tex. Oct. 18, 2024) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 n.2 (Tex. 1990)). Thus, the Court therefore will not grant UMR's Motion to Dismiss due to the statute of limitations.

## II. Abira's ERISA and Breach of Contract Causes of Action

UMR next moves to dismiss Abira's causes of action for violation of ERISA and breach of contract for non-ERISA claims because Abira fails to identify any underlying policy or plan UMR allegedly breached. *See ECF No. 12 at 17–21*. In its Response, Abira argues it "should not be held to an excessive, burdensome pleading standard." *ECF No. 15 at 19*.

As a general rule, a plaintiff asserting an ERISA cause of action "must provide the court with enough factual detail to determine whether the services were indeed covered services under the plan," and an ERISA plaintiff must plead "enough facts about an ERISA plan's provisions to . . . give the defendant notice as to which provisions it allegedly breached." *Lone Star 24 Hr ER Facility LLC v. Blue Cross & Blue Shield of Texas*, No. 5:22-CV-01090-JKP, 2023 WL 5729947 at *7–8 (W.D. Tex. Sept. 5, 2023). However, in cases similar to this, the Fifth Circuit directs

4

"ERISA plaintiffs should not be held to an excessively burdensome pleading standard that requires them to identify particular plan provisions in ERISA contexts when it may be extremely difficult for them to access such plan provisions." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 727–30 (citing *Electrostim Med. Servs. Inc. v. Health Care Serv. Corp.*, 614 Fed. App'x. 731 (5th Cir. 2015).[1] The *Innova* Court reasoned when discoverable information is in the control and possession of a defendant, the plaintiff is relieved of the requirement to provide that information in its complaint. *Innova*, 892 F.3d at 727–30.

Following *Innova*, allegation of improper reimbursement based on representative plan provisions may be sufficient to show plausibility of an ERISA cause of action to survive a Federal Rule 12(b)(6) motion when a plaintiff asserts enough other factual allegations to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See id*.

As in *Innova*, review of Abira's Amended Complaint reveals Abira fails to identify the terms or provisions of the ERISA-governed policy or plan it alleges UMR breached through its failure to pay Abira "benefits due to [Abira] under the terms of [the] policy or plan." *ECF No. 11 at 8*. However, Abira's Amended Complaint contains more than mere conclusions. Abira alleges, among other things: (1) it provided health care services to patients insured by UMR; (2) it is an out-of-network provider; (3) it received a valid assignment of benefits from the patients; (4) it accurately submitted claims to UMR for payment; and (5) UMR improperly refused to pay or underpaid "at amounts far below those required by [UMR]'s own policies and protocols." *See See ECF No. 11*. Thus, Abira's Amended Complaint contains many of the same supporting fac-

---

[1] *See also Infectious Disease Doctors, P.A. v. Bluecross Blueshield of Tex.*, No. 3:13-CV-02920, 2015 WL 4992964, at *3–4 (N.D. Tex. Aug. 21, 2015).

tual allegations the Fifth Circuit found relevant in *Innova* when determining that the federal pleading standard had been satisfied. *See Innova*, 892 F.3d at 729 (listing various allegations that were relevant to drawing the inferences necessary to make plaintiff's claim plausible).

The Fifth Circuit also made clear its exception, regarding a plaintiff's failure to allege specific contract provisions in the context of ERISA benefits causes of action, may also be applied with respect to state law breach of contract causes of action regarding plan provisions that are not governed by ERISA. *E.g., Windmill Wellness Ranch, L.L.C. v. Blue Cross & Blue Shield of Texas*, No. 5:19-CV-01211-OLG, 2020 WL 7017953 at *5 (W.D. Tex. Nov. 23, 2020) (citing *Innova,* 892 F.3d at 731–32 (permitting plaintiff's state law contract claim to proceed notwithstanding the fact plaintiff was unable to identify the specific provision(s) defendant had allegedly breached))[2]. Thus, these allegations are also sufficient to state a cause of action for breach of contract.

That is not to say Abira's claims will necessarily be meritorious; UMR may prevail at a later stage in the proceedings. These allegations, accepted as true and viewed in the light most favorable to Abira, however, are sufficient to state causes of action for violation of ERISA and breach of contract for non-ERISA claims. *Innova*, 892 F.3d at 727–32.

### III.   Abira's Quantum Meruit and Unjust Enrichment Causes of Action

UMR next moves to dismiss Abira's causes of action for quantum meruit and unjust enrichment for non-ERISA claims. *ECF No. 12 at 21–24*. In its Response, Abira argues the Court should follow the holding of a case from the Eastern District of Pennsylvania, upholding Abira's causes of action. *ECF No. 15 at 22–24*. Because that case interprets Pennsylvania law, the Court declines to do so.

---

[2] *See also Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, 614 Fed. App'x. 731, 739 (5th Cir. 2015).

Under Texas law, recovery under equitable theories such as unjust enrichment or quantum meruit is generally unavailable "[w]hen a valid agreement already addresses the matter." *Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000); *Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990) ("[A] party may recover under quantum meruit only when there is no express contract covering the services or materials furnished."). Additionally, claims for unjust enrichment and quantum meruit require that a plaintiff alleges that "valuable services were rendered . . . for the person sought to be charged." *Vortt*, 787 S.W.2d at 944 (emphasis added); *see also Mid-Town Surgical Ctr., LLP v. Blue Cross Blue Shield of Tex.*, Inc., No. 4:11-CV-02086, 2012 WL 1252512, at *3 (S.D. Tex. Apr. 11, 2012) (same). For that reason, courts have refused to recognize an unjust enrichment or quantum meruit cause of action against the insurer "based on healthcare services provided to a participant or beneficiary of a healthcare insurance policy or plan." *Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, 962 F. Supp. 2d 887, 898 (S.D. Tex. 2013), *aff'd in part, rev'd in part on other grounds*, 614 Fed. App'x 731 (5th Cir. 2015) (dismissing unjust enrichment and quantum meruit claims); *Mid-Town Surgical Ctr.*, 2012 WL 1252512, at *3 (dismissing quantum meruit claim against insurer because "[t]he patients—not [the insurer]—are the direct beneficiaries of [the medical] services"); *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 966 (E.D. Tex. 2011) (dismissing quantum meruit claim because "services were rendered to and for [the provider's] patients, not [the insurer]").

Abira argues it conferred a benefit on UMR by providing health care services to UMR's members or beneficiaries. This very well may be true, but under Texas law and consistent precedent, that is not the type of "benefit" that can support a quantum meruit or unjust enrichment claim against UMR. *See Electrostim*, 962 F. Supp. 2d at 898 (dismissing quantum meruit and

7

unjust enrichment claims when the plaintiff provider did "not allege that it provided . . . services to BCBSTX or that services provided . . . specifically benefited, BCBSTX"). Additionally, to the extent Abira contends UMR has failed to pay the amounts owed under the relevant plans and policies in question, the existence of those agreements (and the underlying obligations) make equitable recovery under a theory of unjust enrichment or quantum meruit inappropriate. *See Fortune Production Co.*, 52 S.W.3d at 684; *Vortt*, 787 S.W.2d at 944. For those reasons, Abira's quantum meruit and unjust enrichment claims are dismissed.

## IV.    UMR's Alternative Motion for More Definite Statement

Alternatively, UMR argues Abira must provide a more definite statement. *ECF No. 12 at 24–25*. In the time since the filing of UMR's Motion, however, the parties initiated discovery and, under the direction of the U.S. Magistrate Judge, the parties filed two joint advisories. *See ECF Nos. 21, 22, 24, 25, 26, 27, 28*.

In the parties' Second Joint Advisory, the parties represent "Defendant was able to potentially match approximately 75% of the disputed claims." *ECF No. 28 at 1*. The parties further represent:

> Defendant believes it can produce a spreadsheet within 30 days after completing its research of its claim platforms to try to locate the remaining unmatched claims, with such spreadsheet including additional claim information from its electronic databases for the matched claims.

*Id. at 2*. Accordingly, it appears the discovery process has rendered the issues described in UMR's Motion for More Definite Statement moot. Thus, the Court denies this request.

## CONCLUSION

Based on the foregoing, UMR's Motion to Dismiss Abira's Amended Complaint, (*ECF No. 12*), is **GRANTED IN PART** and **DENIED IN PART**.

Abira's causes of action against UMR for: (1) violation of the Employment Retirement Income Security Act ("ERISA"); (2) breach of contract for non-ERISA claims; and (3) breach of implied covenant of good faith and fair dealing shall proceed. Abira's causes of action against UMR for quantum meruit and unjust enrichment for non-ERISA claims are dismissed.

It is so ORDERED.
SIGNED this 7th day of July, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE